## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARC ANTWAIN X. RIVERS
MUHAMMAD, SR.,

    Plaintiff,

            v.

YVETTE DAVIS; THE LUZERNE COUNTY
DEPARTMENT OF PUBLIC WELFARE;
THE LUZERNE COUNTY COURT OF
COMMON PLEAS DOMESTIC
RELATIONS SECTION; PAULA C.
DEJOSEPH, ESQUIRE; JOHN LEIGHTON
AND DONALD T. ROGERS, ESQUIRE,

    Defendants.

CIVIL ACTION NO. 3:11-CV-1292

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SMYSER)

## MEMORANDUM

Presently before the Court is Magistrate Judge Smyser's Report and Recommendation ("R & R") and Plaintiff's Objections.   Magistrate Judge Smyser recommended that Plaintiff's Complaint be dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B).  Because Mr. Muhammad fails to state a claim upon which relief can be granted, Magistrate Judge Smyser's R & R to dismiss the complaint will be adopted.

### I. Background

The facts as stated in Mr. Muhammad's complaint are as follows:

Plaintiff Marc Antwain Rivers Muhammad Sr. and Defendant Yvette Davis had a son on February 4, 2009.  On July 10, 2009, Ms. Davis filed a complaint requesting child support from Mr. Muhammad.  The Luzerne County Court of Common Pleas Domestic Relations Section, also a Defendant, ordered Mr. Muhammad to make monthly payments to support

his and Ms. Davis's son.  Mr. Muhammad challenged this order on the grounds that it was unconstitutional and was given a new trial.  Defendant Hearing Officer Paula DeJoseph adjusted Mr. Muhammad's monthly payments but refused to address his constitutional objections, determining that it was beyond the scope of her jurisdiction.  Mr. Muhammad again challenged the decision; his appeal was denied by the Superior Court of Pennsylvania.

Mr. Muhammad filed a complaint with the Middle District of Pennsylvania on July 12, 2011 asserting claims under 42 U.S.C. §§ 1985(2)-(3).  He alleges that all Defendants engaged in a conspiracy to deprive him of his right to privacy in matters of child rearing. As relief, Muhammad seeks a declaratory judgment that the child support orders are unconstitutional.  He further seeks nominal, compensatory, and punitive damages.

Magistrate Judge Smyser reviewed the claim pursuant to 28 U.S.C. § 1915(e)(2) which provides that for proceedings in forma pauperis:

> [T]he court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Magistrate Judge Smyser filed his R & R on July 20, 2011 and Muhammad responded with objections on August 2, 2011.

## II. Standards of Review

### A.      Objections to the Magistrate Judge's Report

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c), provided the objections are both

timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**B.    Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).  The pleading standard of Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 129

3

S. Ct. 1937, 1959 (2009) (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Although the standards of pleading are more liberal for *pro se* litigants like Mr. Muhammad, "*pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim." *Ireland v. McDaniel*, No. 10-387, 2011 WL 860390, at *2 (W.D. Pa. Jan. 27, 2011) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

Thus, when determining the sufficiency of a complaint, a court must undertake a three-part inquiry. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The inquiry involves: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Id.*

## II. Discussion

Magistrate Judge Smyser's recommendation that Mr. Muhammad's claims be dismissed without leave to amend will be granted. To state a claim for a conspiracy under 42 U.S.C. § 1985(2) or (3), Mr. Muhammad must allege that the conspirators intended to deny him equal protection of the laws. 42 U.S.C. § 1985; *see also Brawer v. Horowitz*, 535 F.2d 830, 840 (3d Cir. 1976)*; Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997). In his complaint, Mr. Muhammad alleges that the Defendants conspired to deprive him of the equal protection of the laws by forcing him to pay child support in violation of his right to

privacy in child rearing.  There is no legal basis for Mr. Muhammad's theory that child support is unconstitutional.  Therefore, Mr. Muhammad does not allege a deprivation of the equal protection of the laws and his complaint fails to state a claim upon which relief can be granted.

The right to privacy does not prevent the state from collecting child support payments from parents.  "Although '[t]he Constitution does not mention any right of privacy, the [Supreme] Court has recognized that one aspect of the 'liberty' protected by the Due Process Clause of the Fourteenth Amendment is a 'right of personal privacy, or a guarantee of certain areas or zones of privacy.'" *Carey v. Population Servs., Int'l*, 431 U.S. 678, 684 (1977) (quoting *Roe v. Wade*, 410 U.S. 113, 152 (1973)).  Mr. Muhammad correctly asserts that this right encompasses an individual's personal decisions about child rearing.  *See id.* at 685.  The right to privacy is not absolute, however, and the government may infringe on the right where there is a compelling state interest.  *Id.* (quoting *Roe*, 420 U.S. at 154).  When it comes to child support, the state interest in child welfare is sufficiently compelling that regulation is appropriate even if it may interfere with a parent's right to privacy in how much financial support is given to a child.  *See N.E. v. Hedges*, 391 F.3d 832, 836 (6th Cir. 2004) (holding that state statutes requiring biological fathers to pay child support did not violate equal protection because of the compelling interest in securing the welfare of children).   The order requiring Mr. Muhammad to pay child support is therefore constitutional and does not deprive him of equal protection under the laws.  As a result, his complaint must be dismissed.

Additionally, Magistrate Judge Smyser's recommendation to dismiss without leave to amend will be adopted.  Leave to amend is appropriate in civil rights actions where a complaint is dismissed for lack of factual specificity.  *Darr v. Wolfe*, 767 F.2d 79, 81 (3d Cir. 1995).  But here, Muhammad has alleged all necessary facts and still cannot state a claim upon which relief can be granted, so "amendment would not cure the deficiency," *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  Because amendment would be futile, these claims will be dismissed with prejudice.

## **CONCLUSION**

For the reasons stated above, the Magistrate Judge's R&R will be adopted.  An appropriate order follows.

 November 29, 2010                                  /s/ A. Richard Caputo
Date                                                           A. Richard Caputo
                                                                  United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARC ANTWAIN X. RIVERS
MUHAMMAD, SR.,

      Plaintiff,

          v.

YVETTE DAVIS; THE LUZERNE COUNTY
DEPARTMENT OF PUBLIC WELFARE;
THE LUZERNE COUNTY COURT OF
COMMON PLEAS DOMESTIC
RELATIONS SECTION; PAULA C.
DEJOSEPH, ESQUIRE; JOHN LEIGHTON
AND DONALD T. ROGERS, ESQUIRE,

      Defendants.

CIVIL ACTION NO. 3:11-CV-1292

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SMYSER)

## ORDER

    **NOW**, this  29th   day of November, 2011, after consideration of Magistrate

Judge Smyser's Report and Recommendation recommending that Plaintiff's

Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), as well as Plaintiff's

Objections, **IT IS HEREBY ORDERED THAT:**

    (1) The Report and Recommendation (Doc. 5) is **ADOPTED.**

    (2) Plaintiff's Complaint (Doc. 1) is **DISMISSED with prejudice.**

    (3) The Clerk of Court is directed to mark this case as closed.

                         /s/ A. Richard Caputo
                        A. Richard Caputo
                        United States District Judge